**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No 11-80205-CR-MARRA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**MITCHELL J. STEIN,**

**Defendant.**
_____/

**COURT'S  JURY INSTRUCTIONS**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must use in deciding this case.  After I've completed these instructions,  you will go to the jury room and begin your discussions - - what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented during the trial. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

Certain things are not evidence and must not be considered. I will list them for you now:

1. Statements and arguments (other than sworn testimony), opening statements and closing arguments are not evidence;

2. Questions and objections are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because the question suggests that it is. For instance, if a witness is asked, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

2

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all.  The Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.  The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything that is not sworn testimony or admitted exhibits is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

You must consider some witnesses' testimony with more caution than others.

In this case, the government has made plea agreements with Martin Carter and Ajay Anand in exchange for their testimony.  Such "plea bargaining," as it is called, provides for the possibility of a lesser sentence than those individuals would normally face.  Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain a more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

Charts or summaries have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case.

You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

The indictment charges 14 separate crimes, called "counts," against the Defendant. Each count has a number. You will be given a copy of the indictment to refer to during your deliberations.

Counts One and Fourteen charge that the Defendant, Mitchell J. Stein, committed conspiracies.  Count One charges that the Defendant conspired with others to commit mail and wire fraud in violation of Title 18, United States Code, Section 1349. Count Fourteen charges that the Defendant conspired with others to obstruct justice, in violation of Title 18, United States Code, Section 371.

Counts Two through Thirteen charge that the Defendant committed what are called "substantive offenses," specifically mail fraud, wire fraud, securities fraud, and money laundering, in violation of Title 18, United States Code, Sections 1341, 1343, 1348, and 1957.

I will explain the law governing each of those alleged substantive offenses as well as the two alleged conspiracies, in a moment.

It's a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of mail fraud or wire fraud.

A "conspiracy" is an agreement by two or more people to commit an unlawful act.  In other words, it is a kind of "partnership" for criminal purposes.  Every member of a conspiracy becomes an agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.  The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

> (1)    two or more persons, in some way or manner, agreed to try to accomplish a
>         common and unlawful plan to commit mail fraud or wire fraud, as charged in the
>         indictment; and

> (2)    the Defendant knew the unlawful purpose of the plan and willfully joined in it;

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain

11

people and discussing common goals and interests does not establish proof of a conspiracy. Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

In this case, regarding the conspiracy alleged in Count One, the indictment charges that the Defendant, Mitchell J. Stein, conspired with others to commit mail fraud <u>and</u> to commit wire fraud.  In other words, the Defendant is charged with conspiring to commit <u>two</u> separate substantive crimes.

The Government does not have to prove that the Defendant willfully conspired to commit <u>both</u> crimes.  It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired to commit <u>one</u> of those crimes.  But to return a verdict of guilty on Count One, you must all agree on <u>which</u> of the two crimes the Defendant conspired to commit.

I will explain the law governing the objects of the alleged conspiracy – mail fraud and wire fraud – in a moment.

It is a Federal crime to transmit something by private or commercial interstate carrier in carrying out a scheme to defraud someone.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone, or to obtain money or property, using false or fraudulent pretenses, representations, or promises;

(2) the false or fraudulent pretenses, representations, or promises were about a material fact;

(3) the Defendant did so with an intent to defraud someone; and

(4) the Defendant used a  private or commercial interstate carrier by depositing or causing to be deposited with the carrier something meant to help carry out the scheme to defraud.

A "private or commercial interstate carrier" includes any business that transmits, carries, or delivers items from one state to another.  It does not matter whether the message or item actually moves from one state to another as long as the message or item is delivered to the carrier.

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact, it is made with intent to defraud, and the speaker either knows it is untrue or makes it with reckless indifference to the truth.  It may be false or fraudulent if it is made with the intent to defraud and is a half-truth or effectively conceals a material fact.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something.  A fact is "material" if it has the capacity or natural tendency to influence a person's decision.  It does not matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government does not have to prove all the details about the precise nature and purpose of the scheme or that the material deposited with an interstate carrier was itself false or fraudulent.  It also does not have to prove that the use of the interstate carrier was intended as the specific or exclusive means of carrying out the fraud, or that the Defendant did the actual depositing.  It does not even have to prove that anyone was actually defrauded.

To "cause" an interstate carrier to be used is to do an act knowing that the use of the carrier will usually follow in the ordinary course of business or where that use can reasonably be foreseen.

Each separate use of an interstate carrier as part of the scheme to defraud is a separate crime.

It is a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) the Defendant acted with the intent to defraud; and

(4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud.  A statement or representation may be "false" or "fraudulent" when it is a half truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something.  A fact is "material" if it has the capacity or natural tendency to influence a person's decision.  It does not matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

The "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also does not have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that the wire was intended as the specific or exclusive means of carrying out the fraud; or that the Defendant personally made the transmission over the wire. And it does not have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

It's a Federal crime for anyone to commit fraud in connection with the purchase or sale of securities.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) The defendant knowingly executed or attempted to execute a scheme or artifice to defraud;

(2) The defendant did so with the intent to defraud; and

(3) The scheme to defraud was in connection with any security of Heart Tronics, Inc., formerly doing business as Signalife, Inc., and Recom Managed Systems, Inc., (collectively "Signalife"), and Signalife had a class of securities registered under Section 12 of the Securities Exchange Act of 1934.

The term "security" means any note, stock, treasury stock, bond, debenture, certificate of interest or participation in any profit sharing agreement, or in general, any instrument commonly known as a "security;" or any certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase, any of the foregoing.

The phrase "in connection with any security" means that the "scheme and artifice to defraud" described in the Indictment must have had some relationship to or have been connected to a security of Signalife.

The Government need not show, however, that the Defendant, or anyone associated with him, bought or sold any such securities.

The "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The failure to file a Form 4 (Statement of Changes in Beneficial Ownership) is not a crime, but the failure to file the Form 4 may be considered by you in determining whether there was a scheme to defraud as alleged in the Indictment.

It's a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt:

(1) the Defendant knowingly engaged or attempted to engage in a monetary transaction;

(2) the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

(3) the property had a value of more than $10,000;

(4) the property was in fact proceeds of mail fraud, securities fraud, or wire fraud; and

(5) the transaction took place in the United States.

The term "monetary transaction" means the transfer of funds or a monetary instrument by, through, or to a financial institution in a way that affects interstate commerce.

A "financial institution" means:

(A) an insured bank (as defined in section 3(h) of the Federal Deposit Insurance Act (12 U.S.C. 1813(h))); or

 (B) a commercial bank or trust company; or

(C) a private banker; or

(D) an agency or branch of a foreign bank in the United States; or

(E) a broker or dealer registered with the Securities and Exchange Commission under the Securities Exchange Act of 1934 (15 U.S.C. 78a et seq.); or

 (F) a broker or dealer in securities or commodities; or

(G) an investment banker or investment company; or

(H) any business or agency which engages in any activity which the Secretary of the Treasury determines, by regulation, to be an activity which is similar to, related to, or a substitute for any activity in which any business described in this paragraph is authorized to engage; or

(I) any other business designated by the Secretary whose cash transactions have a high degree of usefulness in criminal, tax, or regulatory matters.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It doesn't matter whether the Defendant knew the precise nature of the crime or that the property came from committing mail fraud, wire fraud, and securities fraud.  But the Government must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing *some* crime.

Also it doesn't matter whether all the property involved was derived from a crime. The Government only has to prove that $10,000 worth of the property was obtained or derived from committing a crime.

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

Count 14 of the indictment alleges that the Defendant conspired to corruptly influence, obstruct, and impede, and endeavored to influence, obstruct and impede, in whole or in part, a pending proceeding before any department and agency of the United States of America, that is, the Securities and Exchange Commission ("SEC"), in violation of Title 18, United States Code, Section 1505, which is a Federal crime.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons in some way agreed to try to accomplish the shared and unlawful

plan to obstruct justice;

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

I will now summarize for you the object of the alleged conspiracy – obstruction of justice.

Title 18, United States Code, Section 1505, makes it a Federal crime to try to influence, obstruct, or impede the due administration of justice corruptly, by threats or force, or by any threatening letter or communication.  A person commits obstruction of justice if there was a proceeding pending before, as is alleged here, the SEC, if that person corruptly, or by threats or

force, or by a threatening letter or communication, knowingly tried to influence, obstruct, or impede the due administration of justice in that pending SEC proceeding.

To "influence, obstruct, or impede the due administration of justice" is to do something to sway or change or prevent any action likely to be taken in the SEC proceeding.

To act "corruptly" means to act voluntarily, deliberately, and dishonestly with the specific intent to sway, change, or prevent some action likely to be taken in the SEC proceeding.

It's possible to prove the Defendant guilty of the crimes charged in Counts Two through Thirteen even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.  A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof beyond a reasonable doubt that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

"Good faith" is a complete defense to a charge that requires intent to defraud because it is inconsistent with the intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

You've been permitted to take notes during the trial.  Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.