UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 11-CR-80205-MARRA/HOPKINS |
| | § | |
| MITCHELL J. STEIN, | § | |
| | § | |
| Defendant. | § | |
| _____ | / | |

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

COMES NOW the United States of America, by and through its undersigned attorneys, and, pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, moves this Court to enter a Preliminary Order of Forfeiture as to defendant Mitchell J. Stein.  The United States requests that the order take the form of a personal money judgment against the defendant in the amount of $5,378,581.61, representing the amount of the proceeds the defendant obtained as a result of his violations of 18 U.S.C. §§ 1341, 1343, 1348 and 1349 and the money involved in his violations of 18 U.S.C. § 1957.

**Procedural Background**

On December 13, 2011, a federal grand jury sitting in the Southern District of Florida returned a 14-count indictment charging Stein with various offenses arising out of his involvement with a company known as Signalife, Inc. or Heart Tronics, Inc. (collectively referred to hereinafter as "Signalife").  (Dkt. No. 3.)  Specifically, Stein was charged with one count of Conspiracy to Commit Mail Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349 (Count 1); three counts of Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts 2–4); three counts of Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts 5–7); three counts of Securities

Fraud, in violation of 18 U.S.C. § 1348 (Counts 8–10); three counts of Money Laundering, in violation of 18 U.S.C. § 1957 (Counts 11–13); and one count of Conspiracy to Obstruct Justice, in violation of 18 U.S.C. § 371 (Count 14).  The Indictment also contained a forfeiture allegation notifying the defendant that, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c), the United States would seek forfeiture of the proceeds of the offenses charged in Counts 1–13 of the Indictment, and of all property involved in the money-laundering offenses. The Indictment also noted the United States' intention to seek a personal money judgment against the defendant for an amount representing the value of such property, and that, if necessary, the United States would seek the forfeiture of substitute property under 21 U.S.C. § 853(p).

Before trial, the defendant filed a motion asking the Court to bifurcate the guilt and forfeiture phases of his trial, and requesting that the jury be retained for any forfeiture proceedings.  (Dkt. No. 31)  In response, the United States noted that, although bifurcation of the guilt and forfeiture phases was proper under Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Rules provide for a jury determination on forfeiture only when the government seeks forfeiture of specific assets.  (Dkt. No. 51.)  The United States notified the defendant and the Court that, upon the defendant's conviction of one or more offenses charged in counts 1–13 of the Indictment, the United States would be seeking only a money judgment, not forfeiture of any specific assets, and there would therefore be no need for the jury to be retained for forfeiture proceedings.  (*Id.* at 1–2)  On May 20, 2013, the Court ruled from the bench that, because the United States sought only a money judgment, the defendant would not be entitled to retain the jury for any forfeiture determination.

On May 20, 2013, following a jury trial, the defendant was convicted on all 14

2

counts charged in the Indictment.

<b><u>Argument</u></b>

### A.  The Preliminary Order of Forfeiture

Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure provides that, "[a]s soon as practical after a verdict or finding of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute."  Then, "[i]f the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria."  Fed. R. Crim. P. 32.2(b)(2)(A).  "The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing," and "[t]he court must also include the forfeiture order, directly or by reference, in the judgment."  Fed. R. Crim. P. 32.2(b)(4)(B); *see also United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002) ("[T]he rule requires that the forfeiture order be made a part of the sentence and included in the judgment.").  The preliminary forfeiture order becomes final as to the defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A).

"Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant [at sentencing] under Rule 32.2(b)(4)."  Fed. R. Crim. P. 32.2(b)(2)(B).

### B.  Forfeiture is Mandatory

Forfeiture is a mandatory part of the defendant's sentence for his convictions on Counts

1–13 in this case.  Pursuant to 28 U.S.C. § 2461(c), when a defendant is charged with an offense for which civil or criminal forfeiture is authorized, the government may include notice of the forfeiture in the indictment, and, if the defendant is convicted of the offense giving rise to forfeiture, "the court *shall* order the forfeiture of the property as part of the sentence in the criminal case."  (emphasis added).  Civil forfeiture is authorized for "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of [Title 18]), or a conspiracy to commit such offense."  18 U.S.C. § 981(a)(1)(C).  Section 1956(c)(7)(A), in turn, defines 'specified unlawful activity' to include those offenses listed in 18 U.S.C. § 1961(1), among which are mail fraud, wire fraud, and "fraud in the sale of securities."  18 U.S.C. § 1961(1)(B),(D); *see In re Rothstein, Rosenfeldt, Adler, P.A.*, 11-10676, 2013 WL 2494980, at *5 n.6, --- F.3d ---- (11th Cir. June 12, 2013) (describing statutory interplay); *United States v. Padron*, 527 F.3d 1156, 1161–62 (11th Cir. 2008) (same).

Criminal forfeiture for money laundering offenses is governed by 18 U.S.C. § 982(a)(1), which provides that "[t]he court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, *shall* order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." (emphasis added).

As the Supreme Court has noted, when a statute directs that a court "shall order" forfeiture in imposing sentence, "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applie[s]."  *United States v. Monsanto*, 491 U.S. 600, 607 (1989) (construing 21 U.S.C. § 853(a)); *see also United States v. Brummer*, 598 F.3d 1248 (11th Cir. 2010) (per curiam) ("The word 'shall' [in 18 U.S.C.

§ 2461(c)] does not convey discretion.  It is not a leeway word.") (quoting *United States v. Quirante*, 486 F.3d 1273, 1275 (11th Cir. 2007)).

### C.  Property Subject to Forfeiture

1. Proceeds Traceable to the Offense

Pursuant to 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c), the defendant must forfeit to the United States "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to" the conspiracy to commit mail fraud and wire fraud, as alleged in Count 1, and the substantive offenses alleged in Counts 2–10.  "Proceeds" consist of "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto," and are "not limited to the net gain or profit realized from the offense."  18 U.S.C. § 981(a)(2)(A).  Put differently, "proceeds" means property the defendant would not have obtained "but for" his fraud.  *See United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344 (11th Cir. 2009) ("The amounts that [defendant] received from private insurance companies and patients are 'gross proceeds traceable to the commission of' her fraud because, but for her Medicare fraud, she would not have been entitled to collect these sums from the companies and patients."); *see also United States v. Farkas*, 474 F. App'x 349, 359 (4th Cir. 2012) (collecting cases using "but for" test; affirming district court's determination that funds constituted proceeds of defendant's fraud under "but for" test); *United States v. DeFries*, 129 F.3d 1293, 1313 (D.C. Cir. 1997) ("Because the but-for test usefully articulates the requirement of a nexus between the targeted property and the racketeering activity, we adopt it."); *United States v. Nicolo*, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009) ("Proceeds are property that a person would not have but for the criminal offense.") (quoting *United States v. Grant*, No. S4 05 CR 1192, 2008 WL 4376365, at *2 n.1

(S.D.N.Y. Sept. 25, 2008)) (brackets and ellipses omitted).

Moreover, because the defendant was convicted of engaging in a conspiracy, he is liable for the total amount of proceeds generated by the conspiracy as a whole. *See United States v. Browne*, 505 F.3d 1229, 1279-80 (11th Cir. 2007) (holding defendant liable for the conspiracy's "common pool of proceeds"); *United States v. Joel*, 8:11-CR-89-T-23TGW, 2012 WL 2499424, at *3–4 (M.D. Fla. June 5, 2012) ("[Defendant], as a convicted co-conspirator, is liable in forfeiture for the full amount of the illegal proceeds received by the conspiracy.") *report and recommendation adopted,* 2012 WL 2451822 (M.D. Fla. June 27, 2012). Thus, the defendant's liability is not limited to proceeds generated by the particular conduct charged in the counts of conviction. *See Browne*, 505 F.3d at 1279; *United States v. Venturella*, 585 F.3d 1013, 1015 (7th Cir. 2009). Nor is the defendant's liability limited to proceeds he personally generated or received from the conspiracy; rather, his liability extends to proceeds received by others acting in concert with him, even if he was not personally responsible for the actions that generated them. *Browne*, 505 F.3d at 1279-80 (holding defendant jointly and severally liable for full $592,000 of conspiracy proceeds even though she personally embezzled only $116,000); *United States v. McKay*, 285 F. App'x 637, 640 (11th Cir. 2008) (holding defendant jointly and severally liable for funds misappropriated by co-conspirator even though defendant did not "personally embezzle[]" them); *Joel*, 8:11-CR-89-T-23TGW, 2012 WL 2499424, at *4 ("[Defendant]'s contention that he is not liable in forfeiture for the entire amount of the loan because he only received $20,000 of the proceeds ignores the doctrine of joint and several liability.").[1]

---

[1] Although some courts hold that a co-conspirator may be held jointly and severally liable only for proceeds that were "reasonably foreseeable" to him, *see, e.g.*, *United States v. Hurley*, 63 F.3d 1, 22 (1st Cir. 1995), the Eleventh Circuit has expressly rejected any such limitation. *United States v. Browne*, 505 F.3d 1229, 1278–80 & n.35 (11th Cir. 2007).

Accordingly, as set forth in the accompanying Declaration, Stein must forfeit not only the $3,222,581.61 he personally obtained from the fraud scheme, but also the additional $2,156,000 in proceeds that his co-conspirator, Martin Carter, obtained from the scheme.[2] Because the government may recover the conspiracy's proceeds only once, however, Stein's forfeiture liability must be joint and several with Carter's for any amount Carter is also ordered to forfeit.[3]

2. Property "Involved in" Money Laundering

Pursuant to 18 U.S.C. § 982(a)(1), the defendant must also forfeit to the United States "any property, real or personal, involved in" the money laundering offenses charged in Counts 11–13, "or any property traceable to such property." "Property eligible for forfeiture under 18 U.S.C. § 982(a)(1) includes that money or property which was actually laundered ("the corpus"), along with 'any commissions or fees paid to the launderer and any property used to facilitate the laundering offense.'" *United States v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009) (quoting *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003)) (brackets omitted); *see also id.* at 1369 ("The term 'involved in' has consistently been interpreted broadly by courts to include any property involved in, used to commit, or used to facilitate the offense.") (quoting *United States v.*

---

[2] On October 5, 2011, Carter pleaded guilty to one count of conspiracy to commit mail fraud, wire fraud, and obstruction of justice, in violation of 18 U.S.C. § 371, based on his and Stein's fraud scheme. *United States v. Martin B. Carter*, Criminal No. 1:11-cr-278-RMC (D.D.C.). The United States is also seeking a money judgment against Carter, whose sentencing is set for September 26, 2013.

[3] Joint and several liability in the forfeiture context is "simply a collection device" allowing all or part of a money judgment be satisfied by co-conspirators collectively. *United States v. Caporale*, 806 F.2d 1487, 1508 (11th Cir. 1986). It does not require, however, that all co-conspirators bear the burden of forfeiture equally. *See, e.g.*, *United States v. McKay*, 285 F. App'x 637, 639 (11th Cir. 2008) (affirming money judgment against one co-conspirator for $2,002,275.71 and against the other for $509,744.71, with joint and several liability only for the $509,744.71); *United States v. Nelson*, 3:10-CR-23-J-32TEM, 2012 WL 555785, at *2 (M.D. Fla. Feb. 21, 2012) (entering preliminary order of forfeiture against one defendant for $139,000, and joint and several money judgment for the remaining $4,500).

*Varrone*, 554 F.3d 327, 331 (2d Cir. 2009)) (internal quotation marks omitted).

### D.  Forfeiture Order in the Form of a Money Judgment

The United States seeks a money judgment against the defendant in the amount of $5,378,581.61, which, as the evidence adduced at trial and set forth in the attached Declaration shows, represents the amount of proceeds the defendant obtained as a result of his fraud scheme.

### 1.  Authority of the Government to Seek Money Judgment

Rule 32.2(b) specifically provides that a forfeiture order may take the form of a personal money judgment.  Fed. R. Crim. P. 32.2(b)(1)(A) ("If the Government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay."); *United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (noting that the rules "explicitly contemplate the entry of money judgments in criminal forfeiture cases"); *see also United States v. Olguin*, 643 F.3d 384, 397 (5th Cir. 2011) (collecting cases and noting that "every circuit that has considered the issue has held" that money judgments are appropriate in the criminal forfeiture context) *cert. denied,* 132 S. Ct. 439 (2011).

A money judgment is an *in personam* judgment against the defendant for an amount representing the proceeds derived from his offenses.[4]  *See Padron*, 527 F.3d at 1162 n.6; *United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985).  The amount of the money judgment is not limited by the defendant's present ability to pay, nor does it matter that the funds directly traceable to the offense are no longer in the defendant's possession.  Rather, the defendant is personally liable for forfeiture of an amount of money equal to the proceeds of the offense whether or not he has those funds, or any other funds, in his possession at the time of sentencing.

---

[4] It makes no difference whether the forfeiture is based on a criminal forfeiture statute or (as in this case) a civil forfeiture statute incorporated into a criminal case by 28 U.S.C. § 2461(c).  *See Padron*, 527 F.3d at 1162 n.6; *accord United States v. Kalish*, 626 F.3d 165, 169 (2d Cir. 2010).

*United States v. Newman*, 659 F.3d 1235, 1243 (9th Cir. 2011) *cert. denied,* 132 S. Ct. 1817

(2012) ("Congress sought to punish equally the thief who carefully saves his stolen loot and the

thief who spends the loot on 'wine, women, and song.' . . . Requiring imposition of a money

judgment on a defendant who currently possesses no assets furthers the remedial purposes of the

forfeiture statute by ensuring that all eligible criminal defendants receive the mandatory

forfeiture sanction Congress intended and disgorge their ill-gotten gains, even those already

spent.") (internal citations and quotation marks omitted); *United States v. Awad*, 598 F.3d 76, 78

(2d Cir. 2010) (per curiam) ("[M]andatory forfeiture is concerned not with how much an

individual has but with how much he received in connection with the commission of the crime.")

(quoting *United States v. Casey*, 444 F.3d 1071, 1077 (9th Cir. 2006)); *United States v. McKay*,

506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) *aff'd*, 285 F. App'x 637 (11th Cir. 2008) (collecting

cases, and holding that forfeiture must "be ordered for the full amount of illegal proceeds

irrespective of whether monies are in the defendant's possession at the time the court makes

findings regarding forfeiture").

## 2. Determining the Amount of the Money Judgment

Where, as here, the government seeks a personal money judgment, "the court must

determine the amount of money that the defendant will be ordered to pay."  Fed. R. Crim. P.

32.2(b)(1)(A).  The Government bears the burden of establishing the amount of the money

judgment by a preponderance of the evidence.  *United States v. Harrell*, 2:11-cr-108-FTM-29,

2013 WL 525743, at *2 (M.D. Fla. Feb. 11, 2013) ("The amount of the forfeiture money

judgment to be entered is a sentencing matter upon which the government bears the burden of

proof. . . . [T]he government will have to establish the amount by a preponderance of the

evidence."); *see also United States v. Kalish*, 626 F.3d 165, 168 (2d Cir. 2010).

As the Court has already ruled in this case, the defendant does not have a right under Rule 32.2(b)(5)(A) to have a jury determine the amount of the money judgment. *See United States v. Curbelo*, No. 10-14665, --- F.3d ----, 2013 U.S. App. LEXIS 16541, at \*43 (11th Cir. Aug. 9, 2013) ("[T]he court, not a jury, should determine the amount of a money judgment forfeiture.").

The court's determination as to the amount of the money judgment "may be based on evidence already in the record, . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."  Fed. R. Crim. P.  32.2(b)(1)(B); *see also United States v. Capoccia*, 503 F.3d 103, 109–10 (2d Cir. 2007) (holding that district court may rely on evidence from guilt phase of trial, even if forfeiture is contested; government need not reintroduce that evidence in forfeiture hearing).  Because criminal forfeiture is a part of sentencing, the Rules of Evidence do not apply; hearsay is admissible so long as it is sufficiently reliable.  *Id.* at 111; *see also United States v. Gaskin*, 00-CR-6148, 2002 WL 459005, at\*9 (W.D.N.Y. Jan. 8, 2002) *aff'd,* 364 F.3d 438 (2d Cir. 2004) ("[F]orfeiture is a sentencing issue, and, . . . as with other sentencing issues, reliable hearsay is admissible.").

When the government seeks a money judgment, the court may rely on reasonable estimates of the amount of proceeds the defendant obtained from his offense.  "[T]he law does not demand mathematical exactitude in calculating the proceeds subject to forfeiture.  Indeed, because the purpose of forfeiture is punitive rather than restitutive, district courts are not required to conduct an investigative audit to ensure that a defendant is not deprived of a single farthing more than his criminal acts produced."  *United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011) (internal quotation marks and citations omitted) *cert. denied,* 132 S. Ct. 1640 (2012).  "Rather, district courts may 'use general points of reference as a starting point' for a forfeiture

calculation and 'make reasonable extrapolations' supported by a preponderance of the evidence." *Id.* (quoting *United States v. Treacy,* 639 F.3d 32, 48 (2d Cir. 2011)); *accord United States v. Prather,* 456 F. App'x 622, 626 (8th Cir. 2012) (following *Roberts*); *United States v. Rudaj*, 04 CR. 1110 (DLC), 2006 WL 1876664, at *3 (S.D.N.Y. July 5, 2006) ("[B]ecause [forfeiture] is intended to be a potent means of punishment, the Government need not provide a precise calculation of the proceeds . . . . A total amount derived from conservatively estimating the revenue regularly collected or received will suffice where the evidence establishes the approximate amounts.") (internal quotation marks and citations omitted).

The United States submits that, based on the evidence adduced at trial and set forth in the attached Declaration, the record in this case establishes by a preponderance of the evidence that, as a result of his fraud scheme, the defendant obtained $5,378,581.61 in unlawful proceeds, and a money judgment against the defendant for that amount is therefore appropriate.

Because the United States is seeking only an *in personam* money judgment against the defendant and not the forfeiture of any specific assets in which a third party could have any interest, no ancillary proceeding is required.  *See* Fed. R. Crim. P. 32.2(c)(1) ("[N]o ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 10 (1st Cir. 2011).[5]

---

[5] If the government later seeks to forfeit substitute property under 21 U.S.C. § 853(p) to satisfy the money judgment, third parties would have the opportunity to challenge the forfeiture of such assets in an ancillary proceeding at that time. Fed. R. Crim. P. 32.2(e)(2)(B).

## Conclusion

For the foregoing reasons, the United States respectfully requests that this Court enter a

Preliminary Order of Forfeiture in the form of a money judgment in the amount of

$5,378,581.61.


Respectfully submitted,

JEFFREY H. KNOX
Chief

Date:   August 16, 2013             By:     _____/s/_____

ALBERT B. STIEGLITZ, JR.
Assistant Chief
KEVIN B. MUHLENDORF
Trial Attorney
Criminal Division, Fraud Section
United States Department of Justice
1400 New York Avenue, N.W.
Washington, D.C.  20005
Phone: (202) 514-4313
Fax:    (202) 514-0152
Email: Albert.Stieglitz@usdoj.gov
          Kevin.Muhlendorf@usdoj.gov


## RULE 88.9 CERTIFICATE

Pursuant to Local Rule 88.9, I hereby certify that I have conferred with counsel for the
defendant, who has informed me that on behalf of his client, he opposes the instant motion.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 16, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

John W. Wylie, Esq.
Counsel for Defendant Mitchell J. Stein
Miami Tower
100 SE 2nd Street
Suite 2700
Miami, FL 33131


                                        /s/                    _
                                    Albert B. Stieglitz, Jr.